UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY A. HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P. et al.,<br><br>　　　　Defendants. | No. C-06-1488 SC<br><br>ORDER GRANTING MOTION TO DISMISS DEFENDANTS ASTRAZENECA PHARMACEUTICALS, L.P. AND ASTRAZENECA L.P., <u>WITHOUT PREJUDICE</u> |

　　Plaintiff Betty Harris moves the Court to dismiss her action against Defendants Astrazeneca Pharmaceuticals, L.P. and Astrazeneca L.P. ("Defendants"), without prejudice, under Local Rule 7-11 and Federal Rule of Civil Procedure 41(a)(2). The Court GRANTS the motion.

　　As an initial matter, the Court notes that, unlike certain related actions, the Court retains jurisdiction over the instant action under Rule 1.5 of the Rules for Multidistrict Litigation. <u>See</u> 199 F.R.D. § 425 ("The pendency of a motion, order to show cause, or conditional transfer order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any

1 way limit the pretrial jurisdiction of the court.").[1]

2 As to the merits, the Court is required, when ruling on a
3 motion for voluntary dismissal, to "consider whether the defendant
4 will suffer some plain legal prejudice as a result of the
5 dismissal." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d
6 143, 145 (9th Cir. 1982). However, as Hamilton makes clear,
7 "[p]lain legal prejudice does not result simply when defendant
8 faces the prospect of a second lawsuit or when plaintiff merely
9 gains some tactical advantage." Id. Rather, it is created when,
10 for example, "extensive discovery" and "intensive preparation for
11 trial" have already been conduct by the defendant, or when the
12 claims to be dismissed are inextricably linked to those which
13 would remain. Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d
14 1380, 1390 (9th Cir. 1986). And even then, a significant showing
15 of such factors must be made. Id.

16 Defendants have made no such showing of plain legal
17 prejudice. Rather, they complain of Plaintiff's "bad faith
18 tactics," of which they see the instant motion as an example, but
19 give no examples of how they would suffer plain legal prejudice if
20 the motion was granted. Defendants Astrazeneca Pharmaceuticals,
21 LP and Astrazenaca LP's Opposition to Plaintiffs' Motion for
22 Administrative Relief at 4. Frustration with a plaintiff's use of

---

[1] For the sake of clarity, the Court notes the terms "motion" and "order to show cause" as used in Multidistrict Litigation Rule 1.5 refer to motions and orders to show cause which are before the Judicial Panel on Multidistrict Litigation. They do not refer to motions or orders to show cause, such as the instant motion, which are before the district court in which a potentially transferred action was filed.

2

1  a procedural device to gain "some tactical advantage" is not
2  grounds for denying its motion to dismiss without prejudice.
3  <u>Hamilton</u>, 679 F.2d at 145.
4       Plaintiff's motion to dismiss without prejudice is,
5  therefore, GRANTED.
6  IT IS SO ORDERED.
7       Dated: July 27, 2006

                                    _____
                                    UNITED STATES DISTRICT JUDGE